Dear Mr. Johnson:
This opinion is in response to your question asking:
 "A question has arisen concerning the interpretation of 2.520 S.S.H.B. 101 (The Comprehensive Election Act passed by the 79th General Assembly).
 "When a school district holds a regularly scheduled election to fill positions on the Board of Education on the first Tuesday in April, and a Charter city holds an election, that was not required by the Charter, on the same day, how is the cost of the election to be allocated and paid?"
You also state:
 "The City of Springfield is a Charter city whose Charter requires it to conduct an election for City Council in April of odd number of years. The Springfield R-12 School District is an Urban School District which holds an election for School Board directors in April of even number of years. Section 2.520 states that, `when any political subdivision or special district holds a regularly scheduled election and another political subdivision or special district submits a special question or candidate at the election, all costs of the election, except ballot printing costs, shall be paid from the general revenue of the political subdivision or special district holding the regularly scheduled election.'"
The provisions of the Comprehensive Election Act of 1977 (SSHB No. 101, First Regular Session, 79th General Assembly) are now found in Sections 115.001 to 115.641 and Sections 51.450 to51.460. The effective date of the Act is January 1, 1978.
Section 2.520 of the Act to which you refer has been numbered Section 115.067. Such section provides:
 "Except as provided in sections 115.069 and 115.073, when any political subdivision or special district holds a regularly scheduled election and another political subdivision or special district submits a special question or candidate at the election, all costs of the election, except ballot printing costs, shall be paid from the general revenue of the political subdivision or special district holding the regularly scheduled election. If a special candidate or question is printed on the same ballot as the candidates and questions of the political subdivision or special district holding a regularly scheduled election, ballot printing costs shall be paid proportionally from the general revenue of each political subdivision and special district submitting a candidate or question on the ballot. If a special candidate or question and the candidates and questions of the political subdivision or special district holding a regularly scheduled election are printed on different ballots, each political subdivision and special district submitting a candidate or question on a ballot shall pay the cost of printing its own ballots."
Section 2.515 of the Act, which is now numbered Section 115.065
provides:
 "1. Except as provided in sections 115.067, 115.069, 115.071, and 115.073, when any question or candidate is submitted to a vote by two or more political subdivisions or special districts at the same election, all costs of the election shall be paid proportionally from the general revenues of all political subdivisions and special districts submitting a question or candidate at the election.
 "2. Proportional election costs paid under the provisions of subsection 1 of this section and section 115.067 shall be assessed by charging each political subdivision and special district the same percentage of the total cost of the election as the number of registered voters of the political subdivision or special district on the day of the election is to the total number of registered voters on the day of the election, derived by adding together the number of registered voters in each political subdivision and special district submitting a question or candidate at the election."
It is our understanding that the dates of elections of the school district of Springfield R-12, an urban school district, are governed by Section 162.481(2), RSMo, and that the school directors are elected biennially on the first Tuesday in April of even numbered years.
There is no doubt that school districts and municipalities come under the provisions of the Comprehensive Election Act.
Section 6.001 of the Act which is now numbered Section 115.121
provides:
 "1. The general election day shall be the first Tuesday after the first Monday in November of even-numbered years.
 "2. The primary election day shall be the first Tuesday after the first Monday in August of even-numbered years.
 "3. The municipal election day shall be the first Tuesday in April each year."
Section 6.005 of the Act which is now numbered Section 115.123
provides:
 "All public elections shall be held on Tuesday. Except bond elections necessitated by fire, vandalism or natural disaster, except elections for which ownership of real property is required by law for voting, except special elections to fill vacancies and to decide tie votes or election contests, and except as otherwise expressly provided by city or county charter, all public elections shall be held on the general election day, the primary election day, the municipal election day, the first Tuesday after the first Monday in February, June, August, October or November or with an election on another day expressly provided by city or county charter. After January 1, 1978, no city or county shall adopt a charter or charter amendment which calls an election on any day other than the February, April, June, August or November election days specified in this section."
Insofar as the City of Springfield is concerned, the election to be held in April, 1978, at which a charter amendment is to be submitted is not a regularly scheduled election for such city, but is a regularly scheduled election for the school district at which the City of Springfield submits a special question, i.e., charter amendments.
Section 115.067 refers to the holding of a "regularly scheduled election" by a political subdivision or special district and the submission of a "special question or candidate at the election" by another political subdivision or special district. Therefore, it is our view that the plain language of Section 115.067 applies in this instance and the costs are to be paid in accordance with such section.
CONCLUSION
It is the opinion of this office that when a school district holds a regular election on the first Tuesday of April, 1978, and the City of Springfield, a constitutional charter city, submits a special question at such election the costs of the election are to be paid pursuant to Section 115.067, (Section 2.520 of SSHB No. 101, First Regular Session, 79th General Assembly), of the Comprehensive Election Act of 1977.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General